(Note. The following case which should have been published in Volume 7 of the Utah Reports was omitted apparently by mistake and as it is a case of interest it is here published for the convenience of the profession. Reporter.)

WOODLAND and Another, Respondents, v. UNION PACIFIC RAILROAD COMPANY, a Corporation, Appellant.

No. ——.  (26 Pac. 298.)

1. Railroad Companies: Killing Stock: Sufficiency of Evidence.

   In an action against a railway company for killing a horse it appeared that the horse was about 100 feet from the track in an unfenced pasture; that on the approach of the train he ran obliquely about 100 yards towards the track, getting upon it a short distance ahead of the engine, and was killed, that no obstructions prevented the engineer from seeing him, and that the train was running a little down grade, but not fast. *Held*, that a verdict for plaintiff will not be set aside.

2. Damages: Interest Allowed, When.

   Plaintiff was entitled to legal interest on the value of the horse from the time of instituting suit.

(Decided April 2, 1891.)

Appeal from the First District Court.—*Hon. James A. Miner*, Judge.

Action to recover damages for the negligent killing of plaintiffs' live stock by defendant company. From a judgment in favor of the plaintiffs, the defendant appealed.

AFFIRMED.

*P. L. Williams, Esq.,* and *Waldemar Van Cott, Esq.,* for appellant.

*Messrs. Evans & Rogers* for respondents.

ZANE, C. J.—This action was instituted in the district court to recover damages for the killing of five horses of the plaintiffs in consequence, as alleged, of the negligence of the agents of the defendant in running its trains. In the complaint the killing of each horse is set out separately as a cause of action. In answer to the complaint the defendant denied both the killing and the negligence. A jury was sworn to try the issues, and, after hearing the evidence, and receiving the charge of the court, it retired, and returned a verdict against the defendant on all the counts, and on this verdict the court entered judgment, from which the defendant appealed to this court. The defendant insists that the judgment was erroneous, because the evidence did not prove that the horse mentioned in the fifth count of the complaint was killed in consequence of its negligence. It appears from the evidence that the defendant's road passed through plaintiffs' pasture, and that it was unfenced; that plaintiffs' horse was grazing about 100 feet east of the track, and that some other horses were on the west side; that, as a freight train of the defendant approached, the horse ran in a southwesterly direction, and towards the horses on the west side; that, after running about 100 yards he got onto the track a short distance ahead of the engine, and was there overtaken and killed; that no obstructions prevented the engineer or other person on the engine from seeing the horse; that the train was running a little down grade, but not fast. In view of the evidence we do not find that the verdict of the jury was so palpably and clearly wrong as to require the court to set it aside. In its charge the court informed the jurors that if they found that the horses were killed in

consequence of the negligence of the defendant they should find their value at the time they were killed, and that they might add to that sum 10 per cent interest upon it from the time of instituting the suit. The charge as to interest the defendant alleges as error. When the property of one person is destroyed by the wrongful or negligent act of another person justice demands that the latter shall compensate the former for the loss. The latter is entitled to compensation at the time of the loss, and if the person doing the injury does not do so, and retains the compensation, he ought to pay the person whom he has wrongfully kept out of it a sum equal to the value of its use. The rate of interest should be fixed by analogy to the per cent allowed by the law regulating interest. The authorities are not in harmony, but the weight of them is to the effect, as we think, that interest may be given as damages, where the plaintiff has been deprived of his property by the wrongful act or neglect of the defendant, and the latter delays payment. Some of the authorities hold that interest should be computed on the value of the property, and added from the time of its destruction; others, from the time of instituting the suit. Railroad Co. v. Marley, (Neb.) 40 N. W. Rep. 948; Whitney v. Railway Co., 27 Wis. 327; Chapman v. Railway Co., 26 Wis. 295; Parrott v. Ice Co., 46 N. Y. 361; 1 Suth. Dam., p. 473. We find no error in this record. The judgment of the court below is affirmed.

ANDERSON and BLACKBURN, JJ., concur.