T. W. BURDICK, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

1. **Evidence of Title**: DECREE IN PARTITION. Where B. had the record title to an undivided one-half interest in a tract of land, and his father afterwards procured a partition of the land upon a petition which alleged that B. was dead and that he was his only heir, *held*, that, in an action by the father's grantee for injury to the land, the decree in partition was sufficient evidence that B.'s title had passed to his father, and it was not necessary, to establish that fact, to prove B.'s death and that his father was his only heir.

2. **Fire Set by Railroad**: INJURY TO GROWING TIMBER: MEASURE OF DAMAGES. Where growing timber is injured by a negligent fire, the measure of damages is the difference between the value of the timber standing and growing upon the land immediately before the fire, and the value of such timber immediately after the fire.

3. ———: ———: INTEREST. In such case the verdict should include interest upon such difference at the rate of six per cent. per annum from the date of the fire to the date of the verdict.

4. **New Trial**: MISCONDUCT OF COUNSEL: PREJUDICE. The misconduct of counsel in speaking with one of the jurors during an adjournment, and in using objectionable language in addressing the jury, is not ground for reversal, where it appears from counter affidavits, and the rulings of the court as to the objectionable language, that the appellant was not prejudiced by the misconduct complained of.

*Appeal from Howard District Court.*—Hon. W. A. Hoyt, Judge.

Saturday, January 28, 1893.

Action to recover damages to growing timber by reason of a fire alleged to have been set out by one of the defendant's locomotive engines while drawing a train of cars on the defendant's railroad. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Noble & Updegraff* and *H. T. Reed,* for appellant.

*Barker & Upton,* for appellee.

Rothrock, J.—I. It is conceded that on the twentieth day of April, 1889, the growing timber on 1. Evidence of certain land, claimed to be owned by the title: decree in partition. plaintiff, was materially injured by fire. It is claimed by the plaintiff that the fire which caused the damage was set out by sparks from one of the defendant's engines in passing the timber land while drawing a train of cars along the railroad. The answer contained a general denial of each and every allegation in the petition.

The first question made by the defendant is that under the pleadings it was necessary for the plaintiff to prove that he had title to the land upon which the timber was situated, and that there was an entire failure of evidence showing title in the plaintiff to a part of said land. The plaintiff undertook to show a chain of title from the United States to himself. It appears from the evidence that at one time one Kenut Bergh, or Knuet Bergh, or Knudt E. Bergh owned an undivided interest in a part of the land. Although the Christian name was sometimes written as Knuet, and again as Knudt, and again as Kenut, yet it plainly appears that

all these variations in name represented the same person. It is claimed by the plaintiff that said Bergh died, and that his interest in the land was inherited by his father, E. Bergh; and the plaintiff introduced in evidence certain proceedings in partition instituted by said E. Bergh, in which part of the land was partitioned and set off to E. Bergh as the sole heir of said K. E. Bergh. This was followed by evidence that it is claimed by the plaintiff shows that E. Bergh was the father of and sole heir of K. E. Bergh. Strenuous objection was made to this evidence, on the ground that it was incompetent, being mere hearsay, and not founded upon general reputation. In the view we take of the case, the evidence of the death of the son and the heirship of the father was wholly unnecessary. The action in partition was adversary in its character between the then owners of the land, and the controversy involved the question of the death of the son and the inheritance of the father; and it is to be presumed that it was found in that action that the averments of the plaintiff's petition were true. The proceedings in partition, so far as concerns the question now under consideration, operated the same as a conveyance of the land from the son to his father. *Hoffman v. Stigers*, 28 Iowa, 302. It is to be remembered that this is not a contest between parties, both of whom claim title to the land, where the proceedings in partition are attacked for fraud or other alleged invalidity.

The case of *Costello v. Burke*, 63 Iowa, 361, is not in conflict with the views above expressed. That was a case where it was sought to prove that the former owner of the land was dead by recitals in a deed, made by persons claiming to be his heirs, that the former owner was dead and that the persons making the deed were his heirs. This was no more than the mere declaration of the grantors in the deed. In the case at

bar all the parties claiming interest in the land were before the court, and the question was adjudicated between the parties claiming title.

II. It is next claimed that the court erred in the rule adopted as to proper evidence of damage to the

**2. FIRE set by railroad: injury to growing timber: measure of damages.** growing timber. It appears from the record that the plaintiff was first permitted to prove the difference in value per acre of the land with the timber growing thereon before and after the fire. The defendant objected to this evidence as not being the proper measure of damages. The court overruled the objection, to which the defendant excepted. Afterwards, in the course of the trial, the court sustained the objection, whereupon the plaintiff recalled some of his witnesses, and introduced testimony as to the value of the timber before and after the fire, without regard to the value of the land. The defendant objected to this testimony, but not on the ground that it was not proper measure of damages. It is true that at the close of the plaintiff's evidence, the defendant moved to strike out the evidence because it was not the proper basis of estimating the damages. The motion was overruled, to which ruling the defendant excepted. When the defendant introduced its evidence as to damages, it adopted the same rule as that which was determined by the court to be correct. The court instructed the jury on that feature of the case, that the measure of damages was "the difference between the value of the timber standing and growing upon the land in question immediately before the fire in question and the value of such timber immediately after such fire." In the case of *Greenfield v. Chicago & N. W. Railway Co.*, 83 Iowa, 270, this court approved an instruction to the jury which was in these words: "If you find that the fire ran to the timber of the plaintiff, and burned and injured it, then award him on account thereof that sum

which represents the difference in the value of the timber just before and its value just after the fire." It will be seen that the two instructions are identical in meaning, and we think, in view of the state of the record, the defendant is in no position to complain of the rulings of the court as to the measure of damages. The evidence is practically the same whichever rule be adopted, and there is no claim that the verdict is excessive.

III. The jury made special findings to the effect that the fire which destroyed the timber was set out by an engine which it was not shown was operated in a careful and prudent manner at the time the fire was started. It is claimed that this finding is wholly without support in the evidence. A careful examination of the whole record leads us to the conclusion that this position cannot be sustained. It appears that at the time of the fire dead grass and other inflammable material was in an unusually dry condition, and that on the day of the fire there was an unusually high wind. We do not discuss the evidence as to the manner in which the engine was operated.

IV. The court instructed the jury that if they found the plaintiff entitled to recover they should add

3. —: —: interest.

to the difference in value of the timber an amount equal to six per cent. per annum from the date of the fire to the finding of the verdict. It is claimed that it was error to direct the jury to add interest to the damages. The instruction was not erroneous, but was in strict accord with the case of *Johnson v. Chicago & N. W. Railway Co.*, 77 Iowa, 666.

V. One ground of the motion for a new trial was based upon the alleged misconduct of one of plaintiff's

4. New trial: misconduct of counsel: prejudice.

counsel in his address to the jury, and by a conversation with one of the jurors at an adjournment of court during the trial. It is claimed that the court should have set aside the

verdict for this cause. We need not set out or discuss the alleged misconduct. It appears to us that it was fairly shown by counter affidavits and by the ruling of the court during the argument, and at the time the objectionable language was used, that the defendant was not prejudiced in this respect.

The judgment of the district court is AFFIRMED.