UNION PACIFIC RAILWAY COMPANY V. LAWRENCE RAY.

FILED JANUARY 9, 1896. No. 5856.

1. **Railroad Companies:** NEGLIGENCE IN SETTING OUT FIRE: DAMAGES. In an action against a railroad company for negligently setting out a fire, destroying plaintiff's property, the evidence, without contradiction, showed that a certain engine of the railroad company which passed the place where the fire originated, at such a time that it might have set out the fire, was equipped with the most approved appliances, and was in good condition, but there was no direct evidence that this engine did set out the fire, and there was evidence that it was set out by a different engine. *Held*, That the issue of negligence in the construction and maintenance of the engine setting out the fire was properly submitted to the jury.

2. ———: ———: ———: INSTRUCTIONS. Certain instructions, presenting no new question of law, construed, and *held* applicable to the evidence.

3. ———: ———: DUTY OF LAND-OWNER TO PROTECT HIS PROPERTY. The construction of a railroad near one's premises does not require one to forbear the ordinary use of his land, nor to take unusual precautions to guard against the consequences of probable negligence on the part of the railroad company. One is only required to take such precautions as a person of reasonable prudence would take to protect his property. (*Omaha Fair & Exposition Association v. Missouri P. R. Co.*, 42 Neb., 105.)

4. **Damages:** INTEREST: NEGLIGENCE. Where property is de-

stroyed by the negligence of another, the owner will be entitled to interest on the value of the property from the time of its destruction. (*Fremont, E. & M. V. R. Co. v. Marley*, 25 Neb., 138.)

ERROR from the district court of Merrick county. Tried below before SULLIVAN, J.

*J. M. Thurston*, *W. R. Kelly*, and *E. P. Smith*, for plaintiff in error.

*John C. Martin*, *contra*.

IRVINE, C.

Ray recovered a judgment against the railway company for damages caused by the destruction by fire of certain hay lying in winrows on the land of Ray, it being claimed that the fire originated on the right of way of the railway and then spread to the plaintiff's land. The plaintiff alleged as negligence, first, that the railway company negligently failed to keep its right of way free from combustible materials, and suffered large quantities of dry grass and weeds to accumulate thereon; and second, that the railway company negligently permitted its engines to cast out sparks and coals of fire into said combustible materials. The court submitted to the jury both issues of negligence.

It is first contended by the railway company that there was no evidence upon which to submit to the jury the issue as to whether sparks and coals had been negligently permitted to escape from the engine. This contention is based upon the argument that the uncontradicted evidence shows that the engine which set out the fire had the most approved appliances to prevent such results; that it had been recently inspected and found to be in good condition, and that it was inspected when it reached the roundhouse after the run during which the fire was caused and was again found to be in perfect condition. We need not consider

whether under such a state of evidence this issue should have been withdrawn from the jury, because while the uncontradicted evidence does establish such a state of facts with regard to a certain engine which passed the place where the fire broke out about the time when the fire was discovered, there is no evidence to show that this was in fact the engine which set out the fire. On the contrary, the proof is that this engine was hauling a freight train, while the plaintiff's evidence is to the effect that the fire was set out by an engine hauling a passenger train. Of course, the witness who testified to this may have been mistaken as to this fact, but there is not a particle of evidence to show that he was, or that the engine described by defendants' witnesses was in fact the one which set out the fire. There is proof that the fire was set out by one of the defendant's engines, and under the long established rule, this being proved, the burden was upon the defendant to show due care in the construction, maintenance, and operation of that engine. (*Burlington & M. R. R. Co. v. Westover,* 4 Neb., 268; *Union P. R. Co. v. Keller,* 36 Neb., 189.)

It is next argued that the court erred in giving the following instruction: "If you find from the evidence that the defendant negligently and carelessly permitted dry grass, weeds, and other combustible materials to accumulate on its right of way adjoining the plaintiff's premises so as to unnecessarily increase the hazard from fire, and that by reason of such accumulation of combustible materials fire escaping from defendant's engine was kindled therein and thence communicated to plaintiff's property which was thereby destroyed, without the negligence of the plaintiff in any manner contributing thereto, you should find for the plaintiff, even though the escape of the fire from such engine was without any fault on defendant's part." The correctness of the general principle stated in this instruction is established by *Burlington & M. R. R. Co. v. Westover, supra,* and was again recognized in *Omaha Fair &*

*Exposition Association v. Missouri P. R. Co.*, 42 Neb., 105. No objection is made to the instruction in its general scope, but it is argued that the instruction was inaccurate in refer- ring to the right of way as adjoining plaintiff's premises, the proof showing that there was a strip of land forty or fifty feet wide between the right of way and plaintiff's land. It is contended that the effect of using this term was to lead the jury to believe that it was the duty of the railway company to keep this strip, as well as its own right of way, free from combustible materials.    If this were the effect of the instruction, it would, no doubt, be erroneous ; but we do not think that it is possibly susceptible of that interpreta- tion.    It plainly refers to the right of way alone, and not to any other land.    A further argument is interwoven with the last, to the effect that the instruction required the rail- way company absolutely to keep the whole of its right of way clear and free from combustible materials, while the law requires only that so much of it should be kept clear as is reasonably necessary to avoid danger from fire.    This construction is also untenable.    Under the instruction as given, the railway company was only chargeable if it neg- ligently and carelessly permitted the accumulation of com- bustible materials in such a way as to unnecessarily in- crease the hazard from fire.    Therefore, if the right of way was so wide that a failure to keep clear its outside border was not negligence, then the instruction would not render the company liable.    The duty of the railway company in this behalf was further defined and explained by another in- struction.    Incidentally to the criticism of this instruction, it is also argued that the evidence showed without contra- diction that proper precautions had been taken in this re- spect, and that this state of the evidence did not justify a submission of the question to the jury.    This argument in- volves no question of law, and it would, therefore, be use- less to state the evidence.    We think there was sufficient to require a submission of the issue to the jury.

Objection is also made to the following instruction: "If at the time the property in question was destroyed, the defendant's right of way at the place where the fire started, if it started on the right of way, was free and clear from dry grass, weeds, and other combustible materials, or, if the defendant, its agents and servants exercised due and reason·able diligence, care, and precaution to keep and have its said right of way free and clear from such dry grass, weeds, and other combustible materials, then, in that case, the defendant would not be liable in this action on the second ground above mentioned." The principal objection to this instruction is the same urged against that already discussed, and it is as free from objection on that ground as the former instruction. But it is also argued that inasmuch as the court told the jury that the defendant would not be liable if the right of way was clear, or if reasonable diligence had been exercised to keep it clear, it was a necessary inference that the defendant would be liable if either fact did not exist. The effect of the instruction was directly contrary. It stated rules discharging the company, and stated them in the alternative. The inference would, therefore, be that in order to charge the company, the jury must find that the right of way was not clear, and, further, that the company had not exercised due diligence to keep it clear.

It is contended that the plaintiff was guilty of contributory negligence, and was, therefore, not entitled to recover. By the instruction first quoted, the jury was broadly told that the plaintiff must not have been guilty of negligence contributing to injury. The issue of contributory negligence was, therefore, submitted to the jury. We think that under the evidence it would not have been erroneous to have charged the jury that there was no contributory negligence. Certainly none was shown, unless it was negligent for the plaintiff to permit his hay to lie on the land. In *Omaha Fair & Exposition Association v. Missouri P. R.*

*Co., supra,* it was said that the construction of a railroad near one's premises does not require one to forbear the ordinary use of his land; nor does it require him to take unusual precautions to guard against the consequences of probable negligence on the part of the railroad; that he is required to take only such precautions as a person of reasonable prudence under similar circumstances would take to prevent the destruction of his property. The land was hay land, and for hay to lie upon it in winrows was only to use it in the ordinary manner. It is not shown that there was anything negligent in the manner of using the land or storing the hay. It is argued that while the evidence shows that a fire-break had been plowed around the land, it was insufficient. But in this respect again the case is closely analogous to the *Burlington & M. R. R. Co. v. Westover, supra,* where the court held that it was not *per se* contributory negligence to fail to provide such fire-break.

Finally, it is contended that the court erred in directing the jury, if it found for the plaintiff, to allow interest on the value of the hay from the time of its destruction; but this rule of damages was precisely that stated in *Fremont, E. & M. V. R. Co. v. Marley,* 25 Neb., 138, to-wit: " Where property is destroyed by the negligence of another, the owner will be entitled to interest on the value of such property from the time of its destruction."

There is no error in the record.

JUDGMENT AFFIRMED.