JOHN S. HOUTZ, Respondent, v. UNION PACIFIC
RAILROAD CO., Appellant.

No. 1976.   Decided January 28, 1909 (99 Pac. 997).

1. APPEAL AND ERROR—ASSIGNMENT OF ERROR—INSUFFICIENCY OF EV-
IDENCE—SPECIFICATION OF GROUNDS OF INSUFFICIENCY.  Where no
particulars wherein evidence is insufficient to support findings
of fact are specified, where the insufficiency is assigned as error,
the findings are not reviewable; Supreme Court Rule 26 (97
Pac. x) providing that, when error is alleged upon the ground
of insufficiency of evidence to sustain a decision, the particulars
shall be specified.   (Page 224.)

2. APPEAL AND ERROR—REVIEW—SUBSEQUENT APPEALS—FORMER
HOLDINGS AS LAW OF THE CASE.  On a second appeal of a case
between the same parties, and on the identical pleadings and
evidence, holdings made on the first appeal are the law of the
case, binding on both the litigants and the court.   (Page 225 )

3. APPEAL AND ERROR—REVIEW—FINDINGS.  A holding by the Su-
preme Court that there was no evidence of the reasonableness
of a stipulation in a contract for carriage of live stock implied
a holding that the transcript of the evidence in the case was
properly before the court.   (Page 225.)

4. STIPULATIONS—RECORD ON APPEAL—NECESSITY FOR BILL OF EX-
CEPTIONS.  While evidence to be properly presented on appeal
should be incorporated in a bill of exceptions, allowed, settled,
and certified to by the trial judge, and not by stipulation of
counsel, still where parties stipulated that the trans ript of evi-
dence might be used by either on appeal, and should be taken
as the whole evidence without certificate from the judge, obvi-
ously for, the express purpose of dispensing with a settlement of
a bill of exceptions, neither party can complain if the court gives
the stipulation effect, and considers the evidence properly before
the court.   (Page 227.)

5. APPEAL AND ERROR—SUBSEQUENT APPEALS—REVIEW—SCOPE—
QUESTIONS CONCLUDED.  In an action against a carrier for dam-
ages to live stock, judgment was rendered for defendant upon
the sole ground that plaintiff had failed to present a claim within
the time stipulated for in the contract.  All other issues and
matters of fact were found for plaintiff.  The principal assign-
ment of error and the briefs of both counsel on the merits on
appeal chiefly related to the court's conclusion respecting the
stipulation in the contract, and its ruling admitting the con-

tract in evidence, plaintiff urging that the contract was invalid and the stipulation unreasonable, and defendant the opposite. The court's opinion recited that "the only question presented by the appeal is with respect to the validity and effect of the contract." On rehearing neither in the petition nor on reargument and resubmission was it urged that the court had ruled the case on a question not presented and not submitted, and the same contentions were made by counsel as on the original hearing; counsel in their briefs stating the validity of the stipulation in the contract to be in question and no other question was argued nor presented. *Held*, that the question of the validity of the stipulation in the contract was properly before the court on appeal. (Page 228.)

APPEAL from District Court, Second District. *Hon. J. A. Howell*, Judge.

Action by John S. Houtz against the Union Pacific Railroad Company. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*P. L. Williams, Geo. H. Smith*, and *John G. Willis* for appellant.

*Messrs. Heywood & McCormick* for respondent.

STRAUP, C. J.

The plaintiff brought this action to recover damages alleged to have been sustained by the defendant's negligence in transporting plaintiff's sheep from Soda Springs, Idaho, to Omaha, Neb. The case was here on a former appeal prosecuted by the plaintiff from a judgment in favor of the defendant. The judgment was then reversed, and the cause remanded for a new trial. The opinion is found in 33 Utah 175, 93 Pac. 439. Both the first and second trials were before the court without a jury. On the first trial the court found that the defendant at Schuyler, Neb., negligently delayed the carriage of the sheep, and negligently held and confined them on its cars for a period of seventy-two hours, and at a place where the sheep could neither be unloaded, watered, nor fed, and

that, by reason of such acts, the plaintiff was damaged by an excess shrinkage in the weight of the sheep and a drop of the market occurring within the time of the delay and detention. On that trial the court found all the issues in favor of the plaintiff except one. The defendant had alleged, and the court found, that the plaintiff and the defendant entered into a written contract by the terms of which it was stipulated, among other things, that unless claims for loss or damage or detention were presented within ten days from the date of unloading the stock at destination, and before the stock had been mingled with other sheep, such claims should be deemed waived, and the defendant discharged from all liability. The substance of the material stipulations of the contract are set forth in our former opinion. We then held, in substance, that, when the various stipulations of the contract were read together and the contract considered in its entirety, the fair meaning of the contract and the ruling intention of the parties, as expressed by the plain terms of the contract, were that defendant should not be liable in any event for ordinary negligence, and that it should be liable only for gross or willful negligence upon the presentation of a claim as stipulated for in the contract. We held that such a contract was void, as being against the policy of the law forbidding a carrier to contract against consequences of its negligence. We also held that, though the stipulation should be regarded valid, it nevertheless could not apply to the loss or damage sustained by plaintiff because of a change or drop in the market. We further held that in an action where there is a plea of a special contract in defense, limiting or conditioning the carrier's liability, the burden was upon the carrier, not only to show a valid special contract, but also to allege and prove facts and circumstances showing the stipulation to be reasonable; that the defendant had made no such averments and had not proven any such facts; that the finding which the court made that the stipulation requiring a presentation of the claim within ten days was reasonable was a mere conclusion, and wholly unsupported by averments or evidence.

We there said: "There being no allegation nor proof of the reasonableness of the stipulation, the court on that ground erred in giving it effect." After the judgment of the court below was reversed and the cause came on for retrial before the district court, by agreement of counsel the transcript of the evidence of the former trial was presented to the court as the evidence on the retrial of the cause. No other nor different nor additional evidence was offered by either party. The defendant again alleged no facts showing that the stipulation in question was reasonable, nor did it offer any amendment of its answer in any particular. The pleadings and the evidence of both parties were identical on both trials. The court on the second trial made the same findings as were made on the first trial, except the finding, or conclusion, that the stipulation in question was "a reasonable provision under the circumstances." This finding was eliminated from the findings of fact on the second trial. On the first trial the conclusions of law made by the court were "that judgment be entered in favor of the defendant, no cause of action, on the ground that notice of damage to the live stock was not given within ten days after the arrival of the sheep at their destination, and before being co-mingled with other stock." On the second trial the conclusion of law was that the judgment be entered in favor of the plaintiff in the sum demanded in the complaint. Judgment was entered accordingly, from which the defendant has prosecuted this appeal.

Seven alleged errors are assigned. Six relate to the findings of fact and one to the conclusion of law. The first pertains to the finding made that it was the duty of the defendant to provide places at reasonable distances along its route to afford the plaintiff reasonable opportunity to unload, feed, and water the sheep; the second that the defendant detained the sheep on the cars seventy-two hours without the plaintiff being afforded opportunity to unload, feed, or water them; the third that the defendant was negligent in detaining and holding the sheep at Schuyler, Nebraska, and in not moving them to Omaha, the place of destination; the fourth, that the sheep

were shipped for the purpose of reaching the stockyards at Omaha on the morning of August 31, 1903, and that the defendant, by the use of ordinary diligence, could have carried them to that point by that time; the fifth, that had the sheep arrived at such place at that time, or at any time within several days prior thereto, the plaintiff could have obtained an average of five cents per pound for them; the sixth, that the court failed to find on the question whether the stipulation in the contract requiring a presentation of the claim for loss or damage within ten days was "reasonable under all the circumstances attending the delays and losses complained of by plaintiff;" the seventh, "that the court erred in its conclusion of law."

The complaint made of the first five findings is on the ground of insufficiency of evidence to support them. In the first place, the appellant is not in a position to properly ask a review of the findings on such ground. Rule 26 (97 Pac. x) of this court, in part, provides that: "When the alleged error is upon the ground of the insufficiency of the evidence to sustain or justify the verdict or decision, the particulars wherein the evidence is so insufficient shall be specified." The necessity of and the reason for the rule were pointed out by us in the case of *Blue Creek, etc., Co. v. Anderson et al.* (Utah), 99 Pac. 444. No such, nor any, specification of particulars was made. But, in as much as the same evidence is before us now as was before us on the former appeal, and since the question of insufficiency of the evidence with respect to these findings was not presented on the former appeal, we have reviewed the evidence. We find it sufficient to support the findings.

With respect to the sixth error assigned, of which complaint is made because the court failed to find on the question whether the stipulation requiring a presentation of the claim was reasonable or not, it is urged that it was the duty of the court to find on all the issues. It is true it was the duty of the court to make findings with respect to all the material issues raised by the pleadings, but on the former hearing we

held that the burden was on the defendant to allege and prove facts or circumstances showing the stipulation to be reasonable; that its answer contained no allegations, nor was there any proof upon the question of the reasonableness of the stipulation; that the reasonableness of the stipulation could not be determined from the face of the contract; that the finding which the court made that the stipulation was reasonable was a mere conclusion of law without evidence in support of it; and that no facts were alleged, proven, nor found from which the reasonableness of the stipulation could be deduced. Notwithstanding our holding in such regard, nevertheless the defendant on the second trial failed to amend its answer, and did not offer any evidence other than that adduced on the first trial. Upon these identical pleadings and the evidence, we held the stipulation in question ineffectual. Futhermore, on the same pleadings and evidence, we also held that the special contract in question was void because the contract, when considered in its entirety, exempted the defendant from liability for ordinary negligence, and rendered it liable only for gross or willful negligence on the presentation of a claim. These holdings on the second appeal of the same case between the same parties and on the identical pleadings and evidence are the law of the case, which not only bind the litigants, but ourselves as well.

In this connection counsel for appellant now urge: (1) That on the first appeal there was no bill of exceptions and no evidence properly before us; and (2) that the ruling which we then made with respect to the invalidity of the contract was upon a question not presented nor submitted to us. We think both questions were presented and submitted on the first appeal. On that appeal the defendant, who was then the respondent and who is now the appellant, urged that there was no bill of exceptions, and that any assignment of error depending upon the evidence could not be considered by us. While we did not expressly hold in our written opinion that the evidence was then properly before us, still

35 Utah—15

our holding that there was no evidence adduced showing the reasonableness of the stipulation necessarily implied such a holding. The cause of action in the case of *Fell v. U. P. Ry. Co.,* 32 Utah 101, 88 Pac. 1003, grew out of the same transaction as is involved in this case. Both cases were prosecuted against the same defendant, who was represented by the same counsel, and were tried to the court below without a jury about the same time. Both plaintiffs were represented by the same counsel. In the Fell Case the plaintiff, and in the Houtz Case the defendant, obtained a judgment. Counsel for the respective parties in both cases then stipulated in writing which was signed and filed by them, that "motions for new trial will not be filed in either case. Either party can use transcript of evidence in respective cases on hearing on appeal. Such transcript will be stipulated to be the whole evidence adduced in the respective cases without certificate from judge." In the Fell Case the defendant, and in the Houtz Case the plaintiff appealed. In the Fell Case the defendant, and in the Houtz Case the plaintiff, relied on this stipulation for the authenticity of the presented record of the evidence. In the Fell Case no question was raised with respect to the stipulation nor the authenticity of the presented record. The transcript of the evidence was there deemed to be properly before us, and was considered by us. In the Houtz Case on the first appeal the defendant urged that, notwithstanding the written stipulation entered into between counsel, the transcript of the evidence was not properly before us, and could not be considered by us. While we recognize the rule that to properly present the evidence on appeal it ought to be presented by a bill of exceptions, allowed, settled, and certified to by the judge who tried the case, and not by stipulation of counsel, still we were of the opinion that to grant the defendant's request was, in effect, to permit it to take an undue advantage of its stipulation. There can be no doubt that the stipulation was entered into by the defendant as well as the plaintiff for the express purpose of dispensing with a settlement of a bill of exceptions and to present and authenticate the rec-

ord of the evidence by stipulation. While we may decline to permit the parties to present a record in such manner, still, there being no doubt nor controversy as to the meaning of the stipulation and the purpose for which it was entered into, neither party is in a position to complain if the stipulation is given effect and held sufficient by us for such authenticity and presentation. When we regarded the evidence as being properly before us, we did only what the defendant and the plaintiff stipulated we might and should do. We then thought that the transcript of the evidence was properly before us, and so, in effect, determined. Whether we were right or wrong in such matter and in denying the defendant's request in such particular is not now open to inquiry on this appeal. Though we were wrong in such holding, it nevertheless would seem that no prejudice resulted, for the identical transcript of the evidence which the plaintiff produced and had filed as the record on the former appeal, and which was then urged by the defendant was not properly authenticated and before us, is now produced and filed by the defendant, and is vouched for by it as a correct transcript of all the evidence; that is to say, the very transcript which was filed here on the former appeal was, by agreement of counsel, presented to the court on the retrial of the case as and for the evidence adduced, and subsequently that identical transcript, with the matters and proceedings therein contained and recited, was allowed, settled, and certified to as and for the bill of exceptions, and as containing all the evidence. While our former ruling cannot be justified nor supported by such subsequent authenticity of the transcript, still, because of such subsequent action, the matter, if at large and open to inquiry, is no longer of much significance.

In regard to the second point, it will appear from the record on the first appeal that a judgment was rendered in favor of the defendant upon the sole ground that the plaintiff had failed to present a claim within ten days after the sheep arrived at destination, and as stipulated for in the contract pleaded and relied on by the defendant. Every other issue

and matter of fact was found in plaintiff's favor. The principal assignment of error, and the brief of counsel on both sides on the merits, chiefly related to the finding or conclusion of the court with respect to the stipulation in the contract and the ruling of the court in admitting the contract in evidence. On the part of the plaintiff it was urged, on the original hearing, that the contract was invalid, and the stipulation unreasonable; on the part of the defendant, that the former was valid and the latter reasonable. After a submission of the case on that hearing, we in a written opinion filed by us then said: "The only question presented by the appeal is with respect to the validity and effect of the contract." A petition for rehearing was filed. The petition was granted, and the case was reargued and resubmitted. Neither in the petition for a rehearing nor on the reargument and resubmission of the case was it then urged that we had ruled the case on a point or question not presented and not submitted.

The same contentions were made on the reargument of the case as were made on the original hearing. All the cases cited by both parties on the merits of the case were cited in support of such respective claims of counsel, and in support of their respective contentions on the question of the burden of proof. In its brief on rehearing the defendant stated the proposition before the court to be as follows: "Does the clause of the contract in question, which provides for the giving of notice, contemplate relief to the carrier from the final results of its negligence; or is it a provision looking toward the furnishing of evidence of the complained of wrong, and a waiver of plaintiff's claims?" The defendant in its brief, after quoting from text writers and citing numerous cases, also said: "In each of these cases, and in many others cited by the text-books above referred to, the contract under consideration was the subject of inquiry, and in each instance the same was upheld as a valid provision." On the rehearing of the case no other question was argued nor presented by either counsel. We think the question decided by us on the former appeal was properly before us. That ruling on a sec-

ond appeal between the same parties, and on the same plead-
ings and evidence, cannot now be inquired into nor reviewed
by us. The defendant, both on the original hearing and on
the rehearing of the case on the former appeal, had its day in
court on that question.

The judgment of the court below is affirmed, with costs.

FRICK and McCARTY, JJ., concur.