Harold O. BJORK et al., Plaintiffs
and Appellants,

v.

APRIL INDUSTRIES, INC., a Delaware
Corporation, Defendant and
Respondent.

No. 14143.

Supreme Court of Utah.

March 12, 1976.

John W. Lowe of Brayton, Lowe & Hurley, Salt Lake City, for plaintiffs and appellants.

Kenneth W. Yeates, of Prince, Yeates, Ward & Geldzahler, Salt Lake City for defendant and respondent.

GOULD, District Judge:

This case is related to *Lowe v. April Industries, Inc.,* 531 P.2d 1297 (Utah 1974). The plaintiffs here were directors of the former Alta-Helena M & M Corporation which later became April Industries, Inc. The plaintiffs herein and Lowe in the related case were all issued restricted stock in the corporation for services rendered. At the time of the change in ownership of the corporation, the defendant April agreed to register plaintiffs' shares if and when April made a public offering of its shares, which registration would have made plaintiffs' shares marketable. This is known as a "piggy-back" registration.

The trial court found that the plaintiffs were the owners of shares validly and legally issued to them as compensation for services rendered, and that plaintiffs' shares were the subject of the "piggy-back" registration agreement which entitled plaintiffs' shares to registration when April made a public offering of its shares. April later made a public offering but declined to register plaintiffs' shares. The agreement was not honored by April in spite of numerous inquiries and suggestions that it be honored. During the period that plaintiffs were endeavoring to have April honor the registration agreement, the stock offered in the public offering rose in price substantially.

Upon these facts, the trial court held that plaintiffs did not effectively convey to April their desire to sell their shares and *should have taken steps to enforce the agreement* and denied recovery of damages but ordered April to deliver shares without the restriction theretofore placed on the shares.

We know of no rule of law that either requires or permits this result. Demand is not necessary where both parties have equal knowledge of the contract provision, or where the defaulting party denies the obligation. See 17 Am.Jur.2d 794, Contracts Sec. 356. Either April performed its contract (which it did not) or April breached its contract (which it did) by failing to register the shares. Plaintiffs were entitled to damages flowing from that breach, subject only to the plaintiffs' obligation to mitigate those damages, if possible. The only possible manner in which damages could have been reduced would have been a sale of the shares through the use of S.E.C. Rule 144. The application of this rule depended upon a favorable opinion by April's legal counsel which was never offered. It is not the responsibility of a party damaged by another's breach to plead with the breaching party to help the damaged party mitigate damages.

The defendant's claim of waiver is adequately controlled by our decision in *Phoenix Ins. Co. v. Heath,* 90 Utah 187, 61 P.2d 308. Waiver must be an intentional relinquishment of a known right. The facts here do not support a claim or finding of "intentional relinquishment" of the rights of the plaintiffs to have their shares registered at the time of the public offering by the defendant.

The decision of the trial court is therefore reversed and the case remanded for

the entry of judgment against defendant for damages for breach of contract, which damages would be the difference between the present market value and the highest price obtainable during the period of the breach which we perceive would be the highest price reached during the public offering less sale costs.

HENRIOD, C. J., and TUCKETT and MAUGHAN, JJ., concur.

ELLETT, J., dissents.

CROCKETT, J., having disqualified himself, does not participate herein.