Harold O. BJORK et al., Plaintiffs and Respondents,

v.

APRIL INDUSTRIES, INC., a Delaware Corporation, Defendant and Appellant.

No. 14620.

Supreme Court of Utah.

Jan. 24, 1977.

Kenneth W. Yeates, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendant and appellant.

John W. Lowe, of Brayton, Lowe & Hurley, Salt Lake City, for plaintiffs and respondents.

ELLETT, Justice:

The parties agree to the following statement of facts:

The appellant was the defendant below in this action. Plaintiffs brought suit for damages alleging defendant's breach of an agreement to register their shares in a public offering of other common shares of defendant's stock. Plaintiffs also sought judgment ordering defendant to issue to plaintiffs new stock certificates without any restrictive legend.

After the trial of this matter in March of 1975 the district court ordered defendant to issue unrestricted certificates but refused to award plaintiffs any damages. From this ruling on damages plaintiffs appealed. On appeal this Court ruled that plaintiffs were entitled to damages for defendant's breach of the registration agreement. On remand the trial court entered judgment (1) requiring defendant to issue new certificates without restrictive legend and (2) awarding damages and accrued interest in the amount of $55,239.28.

In September, 1969, plaintiffs as members of the Board of Directors of Alta Helena Mining and Milling Company, issued to themselves common shares of the company's stock as compensation for past services rendered to the company. The certificates representing ownership of these shares were stamped with a restrictive legend stating that the shares could not be freely sold or transferred. The name of the corporation was changed to April Industries, Inc.,

and new directors were elected. Plaintiffs also obligated the company to include the shares being issued to them in any future public offering of the company's common stock. This inclusion was to be at no expense to plaintiffs.

In February of 1972 defendant offered its stock for sale to the public. The offering price was $13 per share. None of the shares belonging to plaintiffs was included in this offering. In May, 1974, the plaintiffs began this suit to have the restrictive legend removed from their stock and for damages they sustained by reason of not having their stock included in the public offering.

In the first trial the lower court found the agreement to include plaintiffs' stock in the public offering was valid and enforceable, and that the stock of the plaintiffs had not been included in the public offering. It further held that plaintiffs had waived any and all rights to damages which they may have had. The trial court then gave plaintiffs judgment and ordered defendant to issue to plaintiffs new stock certificates without any restrictive legend.

This Court, in an opinion filed March 12, 1976, reversed the lower court's ruling on plaintiffs' damage claims and remanded the case with instructions to enter a money judgment for plaintiffs.[1]

On May 28, 1976, the trial court entered its second judgment ordering defendant to issue to each of the plaintiffs new certificates without restrictive legend for 1,000 shares of defendant's common stock. In addition, each plaintiff was awarded judgment in the amount of $10,982.50 with interest in the amount of $2,827.32, for a total judgment of $55,239.28.

The damage calculation was as follows: This Court's opinion held the measure of damages to be the highest price during the public offering less the stock's present value.[2] Plaintiffs presented evidence that the highest price during the offering was $12.75. From this number was subtracted a

---

**1.** *Bjork et al. v. April Industries,* 547 P.2d 219 (Utah 1976).

**2.** See 547 P.2d 219, 221.

sales commission, typical for transactions in stocks like defendant's of seven per cent. The resulting figure was $11.8575 per share. Plaintiffs' evidence also showed that the stock was worth 87½ cents a share on March 12, 1976. By subtracting $.875 from $11.8575 and multiplying by 1,000, the number of shares held by each plaintiff, a damage figure of $10,982.50 was computed. To this figure was added prejudgment interest of $2,827.32, computed at six per cent from February 3, 1972, the date of the offering.

The appellant claims two errors in the calculation above: (1) double damages in awarding a money judgment and in removing the restrictive legend; and (2) awarding prejudgment interest.

As to the claim of double damages, there is no merit at all. Had the court awarded the full value of the stock at its highest market value without deducting its present value, then by leaving the stock with the plaintiffs, there would be an improper recovery. However, by finding the value at which the stock would have been sold except for the restriction and deducting its value on the day of the decision of this Court, the resulting figure would be the actual damage sustained by the plaintiffs.

The agreement with the appellant was two-fold: (1) to remove the restrictive legend, and (2) to include plaintiffs' stock in the public offering. The order of the court that the restrictive legend be removed was properly made, but that order by itself would not make the respondents whole for they sustained a huge loss in not being able to sell their stock while the price was high. The respondents are entitled to the damages occasioned by the breach of the agreement to include their stock in the public offering.[3]

The value of the stock on March 12, 1976, as shown by the evidence, was the value of such stock without a restrictive legend on it. It is rather obvious that stock which cannot be sold would have small or no market value. By deducting the value of stock without a restriction of sale from the highest price of the stock would require that the restriction be removed when the stock is kept by, and its value charged to, the respondents. There was no duplication of damages in this case, nor was the judgment inconsistent in its provisions. Defendant cites cases in support of its claim, but those cases are not factually the same as the instant matter.

As to the allowance of interest before judgment, this Court has heretofore spoken, and the law in Utah is clear,[4] viz: where the damage is complete and the amount of the loss is fixed as of a particular time, and that loss can be measured by facts and figures, interest should be allowed from that time and not from the date of the judgment. On the other hand, where damages are incomplete or cannot be calculated with mathematical accuracy, such as in case of personal injury, wrongful death, defamation of character, false imprisonment, etc., the amount of the damage must be ascertained and assessed by the trier of the fact at the trial, and in such cases prejudgment interest is not allowed.

There is no error and the judgment of the trial court is affirmed. Costs are awarded to the respondents.

MAUGHAN and WILKINS, JJ., concur.

HENRIOD, C. J., and CROCKETT, J., do not participate herein.

---

3. See Note 2, supra.

4. *Jack B. Parson Construction Co. v. State of Utah,* 552 P.2d 107 (Utah 1976); *Uinta Pipeline Corporation v. White Superior Co.,* 546 P.2d 885 (Utah 1976); *Fell v. Union Pacific Railroad Co.,* 32 Utah 101, 88 P. 1003 (1907); McCormick on Damages, Section 55 (Hornbook series).