**Derek ANDREASON and Dana Andreason, Plaintiffs, Appellees, and Cross–Appellants,**

v.

**AETNA CASUALTY & SURETY COMPANY, Defendant, Appellant, and Cross–Appellee.**

**No. 910615–CA.**

Court of Appeals of Utah.

Feb. 18, 1993.

Michael P. Zaccheo, Salt Lake City, for appellant.

Wayne B. Watson and Thomas J. Scribner, Provo, for appellees.

Before BILLINGS, GREENWOOD and ORME, JJ.

GREENWOOD, Judge:

Defendant Aetna Casualty & Surety Company appeals a jury verdict awarding plaintiffs, Dana and Derek Andreason, damages based upon a promissory estoppel theory. On appeal, defendant claims that the trial court abused its discretion in refusing to either subject the jury award to remittitur or order a new trial. Plaintiffs cross-appeal, claiming that the trial court erred as a matter of law in refusing to grant them prejudgment interest on the jury award. We affirm the trial court's decision upholding the jury award without prejudgment interest.

## BACKGROUND

Because the parties tried this case before a jury, we recite the facts in a light favorable to the jury verdict. *State v. Perdue*, 813 P.2d 1201, 1202 (Utah App.1991). On April 4, 1986, a fire extensively damaged plaintiffs' kitchen and garage, and caused smoke, electrical, and water damage throughout their home. Immediately after the fire and for the three weeks following, defendant's agents mistakenly represented to plaintiffs that their fire losses would be covered by their insurance policy with de-fendant. A week after the fire, defendant's adjuster visited plaintiffs' burned home, instructed them on repairs, and authorized them to proceed. Plaintiffs immediately began extensive clean up and repair work consistent with the adjuster's instructions.

After three weeks, defendant discovered that it no longer insured plaintiffs because their fire insurance policy had been canceled six weeks prior to the fire. When defendant belatedly denied insurance coverage for their fire losses, plaintiffs sued.

In May 1991, plaintiffs' suit against defendant went to trial. The trial court had previously granted defendant a partial summary judgment, concluding that the insurance contract was canceled prior to the fire. The trial, therefore, continued solely on plaintiffs' promissory estoppel theory. During the trial, plaintiff Derek Andreason testified in detail about the extent, nature, and timing of the home repairs. He stated that he undertook $41,957.69 worth of work, and that he did "all of the work" in detrimental reliance on defendant's promise of coverage. Mr. Andreason testified that defendant's agent provided detailed instructions on repairs and replacements that should be undertaken. For example, according to Mr. Andreason, the agent told him not to consider repairing some items, but to simply discard them and purchase new ones. These items included the living room carpet, the kitchen range, kitchen cabinets, a cedar wall, and the tile floor. Mr. Andreason claimed that without the promise of insurance coverage, he would have boarded up his home, gradually done the work himself, and repaired rather than replaced many items. By the time defendant repudiated its promise of coverage, however, repair work had proceeded beyond the point where plaintiffs' self-help plan was an option. The jury awarded plaintiffs damages of $37,500.00.

Defendant filed a motion for a new trial or remittitur and objected to plaintiffs' request for prejudgment interest from the date they originally demanded payment for their repair costs. The trial court denied defendant's motion and issued a judgment

for plaintiffs without awarding prejudgment interest. This appeal followed.

## ANALYSIS

Both defendant's appeal, seeking to vacate the jury award, and plaintiffs' cross-appeal, seeking to increase the award to include prejudgment interest, present issues related to the nature of damages in promissory estoppel. Defendant asks this court to determine whether the trial court abused its discretion in refusing to grant its motion for remittitur or a new trial, claiming that the damages awarded were excessive or unwarranted. On cross-appeal, plaintiffs question whether the trial court erred as a matter of law in failing to award them prejudgment interest, arguing that without prejudgment interest, their damage recovery was incomplete.

### Promissory Estoppel

■ Promissory estoppel is an equitable claim for relief which is normally tried to the bench. *See Tolboe Constr. v. Staker Paving & Constr.*, 682 P.2d 843, 849 (Utah 1984). The parties in this case apparently agreed to present their case to the jury. Utah Rules of Civil Procedure authorize the jury to act as a factfinder in an equity action. "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." Utah R.Civ.P. 39(c); *see Willard M. Milne Inv. Co. v. Cox*, 580 P.2d 607, 609 (Utah 1978). Because the jury properly heard this promissory estoppel case, we need only determine if the trial court abused its discretion in refusing to grant a remittitur or a new trial. *See Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 805 (Utah 1991).

■ Because damage assessment is peculiarly a jury function, trial courts should exercise caution in setting aside a verdict and ordering a new trial on the basis of excessive damages. *Batty v. Mitchell*, 575 P.2d 1040, 1043 (Utah 1978).

A trial court enjoys broad discretion in this decision, as long as its grounds for granting a remittitur or a new trial fit one of the seven specified in Rule 59. *See Crookston*, 817 P.2d at 804. The pertinent three among these grounds include:

(5) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice.

(6) Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

(7) Error in law.

Utah R.Civ.P. 59(a)(5)—(7). The trial court should review the propriety of the damages award and grant a new trial only where it is obvious that the jury lacked a reasonable basis for its decision, acted with prejudice or passion, or disregarded competent evidence. *Crookston*, 817 P.2d at 803–05.

On reviewing the decision of the trial court to grant or deny a new trial, we do not directly review the verdict, "ignoring any intermediate actions by the trial court." *Id.* at 802. Instead we consider that " '[w]hen the determination of the jury has been submitted to the scrutiny and judgment of the trial judge, his [or her] action thereon should be regarded as giving further solidarity to the judgment.' " *Id.* at 806 (quoting *Elkington v. Foust*, 618 P.2d 37, 41 (Utah 1980)). We, therefore, will reverse "the judge's ultimate decision to grant or deny a new trial, ... only if there is no reasonable basis for that decision," *id.* at 805, resolving any doubt in favor of the trial court, *id.* at 806.

Because the insurance contract between plaintiffs and defendant was cancelled when defendant offered to reimburse plaintiffs for the repairs necessitated by fire damage to their home, plaintiffs based their claim against defendant on promissory estoppel. Promissory estoppel may be invoked in circumstances where " 'equity recognizes the unfairness of permitting withdrawal of the promise and will enforce it.' " *Tolboe*, 682 P.2d at 846 (quoting *Union Tank Car Co. v. Wheat Bros.*, 15 Utah 2d 101, 387 P.2d 1000, 1003 (1964)). The necessary elements of promissory estoppel include: "(1) a *promise* reasonably expect-

ed to induce reliance; (2) *reasonable reliance* inducing action or forbearance on the part of the promisee or a third person; and (3) *detriment* to the promisee or third person." *Weese v. Davis County Comm'n,* 834 P.2d 1, 4 n. 17 (Utah 1992) (emphasis added). Utah has also adopted the Restatement (Second) of Contracts section 90 describing promissory estoppel as follows: " 'A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.' " *Tolboe,* 682 P.2d at 845 (quoting Restatement (Second) Contracts § 90(1) (1981)).

The factual prerequisites for promissory estoppel are:

> "that the defendants were aware of all the material facts; that in such awareness they made the promise when they knew that the plaintiff was acting in reliance on it; that the latter, observing reasonable care and prudence, acted in reliance on the promise and got into a position where it suffered a loss."

*Id.* at 845–46 (emphasis deleted) (quoting *Union Tank Car,* 387 P.2d at 1003).

Defendant argues that when the facts of plaintiffs' case are compared to the essential promissory estoppel elements, they are insufficient to justify plaintiffs' recovery. Although defendant concedes the presence of a clear promise and does not challenge the reasonableness of plaintiffs' reliance on that promise, it claims that plaintiffs deserve no recovery because either (1) plaintiffs did not do anything as a result of the promise that they would not have done

without the promise, or (2) plaintiffs' expenses merit no compensation because they provided a benefit and, accordingly, caused no detriment to plaintiffs. Thus, according to defendant, plaintiffs' damages were the result of the fire, not defendant's promise, and plaintiffs benefitted from the repairs and replacements. For these reasons, defendant asserts that plaintiffs failed to prove entitlement to damages. Defendant also asserts that even if plaintiffs proved an entitlement to damages, they provided insufficient evidence from which to calculate damages.

Utah's appellate courts have not focused on the claims asserted by appellant. However, Utah's adoption of the Restatement (Second) version of section 90 does provide useful guidance for considering these issues.[1] The Restatement (Second) infused a more flexible approach into both the substantive and remedial aspects of promissory estoppel. John D. Calamari & Joseph M. Perillo, *Contracts,* § 6–1 at 273 n. 19 (3rd ed. 1987) (discussing Restatement (Second), Contracts § 90 cmt. b). This modification allows for expanded application of a promissory estoppel theory and concomitantly allows remedies consistent with "the *extent* of the reliance." *Id.* at 273 (emphasis added).

The trial court's Jury Instruction No. 20, which was not challenged by either party, accurately reflects this flexible concept of promissory estoppel: "Damages in promissory estoppel are limited to those which are sustained because the plaintiffs have changed their position to their detriment in reasonable reliance upon the defendant's representations. They must have done some act which they otherwise would not have done. Only acts done in detrimental

---

**1.** Earlier Utah cases had adopted the former Restatement of Contracts section 90 (1932) which reads as follows: " 'A promise which the promisor should reasonably expect to induce action or forbearance *of a definite and substantial character* on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.' " *Southeastern Equip. Co. v. Mauss,* 696 P.2d 1187, 1188 n. 1 (Utah 1985) (emphasis added). During the period of time that this first Restatement provided

the guidelines for promissory estoppel, Utah courts treated the doctrine as a consideration substitute, triggering full compensatory damages, but limited its availability to situations where the injury to plaintiffs was so unjust and unconscionable as to constitute near fraud, *see Easton v. Wycoff,* 4 Utah 2d 386, 295 P.2d 332, 333–35 (1956), or the promisor "manifested an intention to abandon an existing right," *see Ravarino v. Price,* 123 Utah 559, 260 P.2d 570, 575 (1953).

reliance are compensable." While this instruction required the jury to limit damages to those caused by detrimental reliance, it did not require that all the effects of plaintiffs' actions be of no benefit to them. The instruction is likewise consistent with cases allowing promissory estoppel actions to proceed where plaintiffs nonetheless benefitted in some fashion from acts taken in detrimental reliance on the promise of another. For example, in *Northside Auto Serv. Inc. v. Consumers United Ins.*, 25 Wash.App. 486, 607 P.2d 890, 892–93 (1980), the court affirmed a jury verdict enforcing an insurer's promise to pay for the insured's automobile repairs, although the insurer later denied policy coverage. *See also Tynes v. Bankers Life Co.*, 224 Mont. 350, 730 P.2d 1115, 1123 (1986) (upholding a jury finding of promissory estoppel and damages where insurer had promised to pay for critically needed psychological treatment); *Huhtala v. Travelers Ins. Co.*, 401 Mich. 118, 257 N.W.2d 640, 647 (1977) (remanding for trial on claim that insurer's promise to provide coverage for plaintiff's injuries resulting from automobile accident was enforceable).

■ Plaintiffs argue, and we agree, that a promissory estoppel claim should not fail for lack of damages on the sole basis that plaintiffs received a benefit. In the cases noted, where plaintiffs obtained medical treatment or repaired a car, the doctrine of promissory estoppel was applied to enforce a promise and prevent injustice, as determined by the factfinder. While the damages must be limited to those incurred through reasonable reliance, the flexible and equitable nature of promissory estoppel allows for damages even where the plaintiff receives a benefit such as improved health, a repaired car, or a repaired home.

■ In our view, plaintiffs presented to the jury sufficient evidence to allow the jury to determine an entitlement to promissory estoppel damages and to calculate their value. An award of damages requires that a plaintiff prove the fact of damages by a preponderance of the evidence and the amount of damages by approximations and projections that rise above mere speculation. *See Atkin Wright & Miles v. Mountain States Tel.*, 709 P.2d 330, 336 (Utah 1985).

Mr. Andreason meticulously testified from his personal written records of expenses,[2] that the repairs for which he sought recovery were undertaken because of defendant's representation and would not otherwise have been done. Plaintiffs followed the adjuster's instructions in throwing out water damaged carpet that they otherwise might have cleaned, discarding the kitchen stove and cabinets they otherwise might have repaired, replacing weakened floor joists they might have reinforced, and tearing out a burned cedar wall and tile floor they might have cleaned and left.[3]

From this evidence, the jury could reasonably infer that adhering to defendant's plan of immediate professional repair required plaintiffs to forego their option of gradual self-help and necessitated additional expenses. Based on this inference, the jury could reasonably conclude that plaintiffs' actions constituted both a change of position and detriment. Defendant's retrospective analysis of some beneficial effect does not prevent the jury from finding a detriment suffered in reliance on defendant's promise and the injustice that would occur if the promise were not enforced to the extent of reliance.

As the factfinder in this case, the jury also was responsible for assigning a value to damages that reflected the extent of plaintiffs' detrimental reliance. Plaintiffs actually argued that they should be reimbursed for the *full* cost of all the repair work done on their fire damaged home

---

2. The written records were ruled inadmissible by the trial court, upon defendant's objection. Mr. Andreason, however, referred to and refreshed his memory from these records throughout his testimony.

3. Defendant did not present any expert testimony of its own as to reasonable repairs or costs, but rather elected only to challenge Mr. Andreason's calculations and credibility through cross-examination.

during the three week period because they would not have undertaken *any* of their reparative actions without defendant's promise of insurance coverage. The evidentiary value and credibility of this assertion were properly subjected to the jury's assessment. "[I]n a jury trial, 'it is within the exclusive province of the jury to judge the credibility of the witness and the weight of the evidence.'" *State v. Larsen,* 834 P.2d 586, 589 (Utah App.1992) (quoting *State v. Howell,* 649 P.2d 91, 97 (Utah 1982)). Considering the evidence presented to the jury, an allocation of approximately 90% of plaintiffs' expenses as representing the extent of damages due to detrimental reliance was not contrary to the law. The trial court, having observed all evidence and testimony, was not persuaded that the jury's verdict lacked a reasonable basis, was motivated by prejudice or passion, or that the jury had disregarded competent evidence. Therefore, the trial court did not unreasonably deny defendant's motion for a new trial or remittitur.

### Prejudgment Interest

■ In their cross-appeal, plaintiffs assert that the trial court erred in not awarding them prejudgment interest on the jury's damages award. The trial court's decision on plaintiffs' entitlement to prejudgment interest presents a question of law which we review for correctness. *Vali Convalescent & Care Insts. v. Division of Health Care Fin.,* 797 P.2d 438, 444 (Utah App.1990); *Hermes Assocs. v. Park's Sportsman,* 813 P.2d 1221, 1223 (Utah App.1991). Consequently, "we need not accord any particular deference to the decisions below." *Vali,* 797 P.2d at 444 (citing *Hurley v. Board of Review,* 767 P.2d 524, 526–27 (Utah 1988) (agency decision); *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985) (trial court decision)).

Plaintiffs argue that by establishing the threshold facts of promise, reliance and damage, they created an entitlement to full compensation for their expenses, including interest on the money expended six years previously. According to plaintiffs, their right to full compensatory damages includes prejudgment interest as a matter of law because (1) their damages were sufficiently fixed at the time that they incurred expenses to repair their home, and (2) prejudgment interest is appropriate because "the damages claimed were with reference to the value of the repair of damaged property."

■ The Utah Supreme Court first discussed the rationale behind prejudgment interest in *Fell v. Union Pacific Ry. Co.,* 32 Utah 101, 88 P. 1003, 1005–06 (1907). The *Fell* court stated that because awarding damages at law was intended to return a plaintiff to the status quo, prejudgment interest could be available where necessary to accomplish full compensation. *Id.* In Utah, prejudgment interest may be awarded in situations where the damage is complete, the loss can be measured by facts and figures, and the amount of loss is fixed as of a particular time. *Bjork v. April Industries, Inc.,* 560 P.2d 315, 317 (Utah 1977), *cert. denied,* 431 U.S. 930, 97 S.Ct. 2634, 53 L.Ed.2d 245 (1977). Although damages may be unliquidated, they must be calculable through a mathematically certain procedure allowing the court or the jury to fix the amount by following "fixed rules of evidence and known standards of value ... rather than be[ing] guided by their best judgment in assessing the amount" or evaluating elements lacking fixed standards by which to measure their value. *Fell,* 88 P. at 1007; *Price–Orem v. Rollins, Brown & Gunnell,* 784 P.2d 475, 483 (Utah App.1989). If sufficient certainty exists, courts should allow interest from the time when damages became fixed, rather than from the date of the judgment. *Bjork,* 560 P.2d at 317. However, "where 'damages are incomplete and are peculiarly within the province of the jury to assess at the time of trial,'" then prejudgment interest is inappropriate. *Price–Orem,* 784 P.2d at 483 (quoting *Fell,* 88 P. at 1006).

■ Plaintiffs argue that the amount of their expenditures to repair the property damage caused by the fire determined their damages and that their conscientious and credible recording of repair expenses created the necessary mathematical certainty.

We find, however, that while plaintiffs' recordation of expenses may accurately reflect the value of their personal expenditures, it does not provide a known standard of value for measuring damages in a promissory estoppel case. Instead, damage assessment based on the Restatement (Second) version of promissory estoppel requires a factfinder's case by case calculation of the value of detrimental reliance on a promise. Furthermore, "[t]he remedy granted may be limited as justice requires." Restatement (Second) Contracts § 90(1) (1981). Damages, therefore, do not become fixed before a factfinder quantifies the injustice caused by detrimental reliance. In assessing this amount, the factfinder is guided by its best judgment, not a known standard of value.

We also disagree with plaintiffs' assertion that prejudgment interest is particularly appropriate because their claim refers to the repair of property damage. Unlike the case before us, in the cases cited by plaintiffs, courts awarding prejudgment interest found defendants responsible for actual damage to the plaintiffs' property under tort theories. See *Uinta Pipeline Corp. v. White Superior Co.*, 546 P.2d 885, 887 (Utah 1976) (finding contractor's negligence in setting up a natural gas compressor station responsible for the fire which completely destroyed it); *Fell*, 88 P. at 1003–07 (finding that the railroad's delay in shipment caused the death of some of plaintiff's sheep and the weight loss in others). Under circumstances where a defendant was directly responsible for the property damage, courts have found "no question about the propriety of allowing interest for the destruction of personal property prior to judgment where value can be measured by facts and figures." *Uinta*, 546 P.2d at 887 (discussing *Fell*).

In this case, however, we note that defendant did not directly cause any harm to plaintiffs' property. The fire caused the property damage; defendant only impacted plaintiffs' method of repairing pre-existing

property damage. Furthermore, in contrast to a tort action for property damage, the recovery properly awarded under a promissory estoppel theory reflects the extent of reliance. To separate the damage for which defendant must accept responsibility from expenses which would have occurred in the absence of defendant's promise requires the determination of a factfinder. Factual evaluation of this type lacks mathematical certainty prior to final determination and requires case by case analysis. When "the amount of the damage must be ascertained and assessed by the trier of the fact at the trial," prejudgment interest is inappropriate. *Price–Orem*, 784 P.2d at 482[4] (quoting *Bjork*, 560 P.2d at 317).

We, therefore, find that the trial court properly refused to allow plaintiffs prejudgment interest on a jury award based on promissory estoppel.

## CONCLUSION

In developing promissory estoppel as an equitable cause of action, Utah has incorporated flexibility into both the elements of the substantive doctrine and the measure of its reliance remedy. A finding that promissory estoppel is applicable requires the factfinder to determine the plaintiff's recovery by calculating the portion of total expenses reflecting actual, detrimental reliance. In upholding the promissory estoppel award determined by the jury, the trial court did not abuse its discretion. We also find that the trial court correctly denied pre-judgment interest on that award.

Affirmed.

BILLINGS, J., concurs.

ORME, J., concurs in result only.

---

**4.** The *Price–Orem* court found that a developer was not entitled to prejudgment interest against his surveyor because the amount of damage for which defendant was responsible was too speculative for prejudgment interest, despite the fact that the loss was fixed as of a date certain. *Id.* at 482–83.