FILED
United States Court of Appeals
Tenth Circuit

August 9, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CLEARONE COMMUNICATIONS, INC., a Utah corporation,

Plaintiff-Appellant,

v.

ANDREW CHIANG, an individual; JUN YANG, an individual; WIDEBAND SOLUTIONS, INC., a Massachusetts corporation; BIAMP SYSTEMS CORPORATION, an Oregon corporation; LONNY BOWERS; VERSATILE DSP, INC., a Massachusetts corporation,

Defendants-Appellees.

No. 09-4128

(D.C. No. 2:07-CV-0037-TC-DN)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE,** Chief Judge, **HOLLOWAY** and **HOLMES**, Circuit Judges.

---

Plaintiff/appellant ClearOne Communications, Inc. (ClearOne) appeals the

district court's decision denying its request for prejudgment interest on damages

for trade secret misappropriation. A jury found that defendants/appellees

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

WideBand Solutions, Inc. and associated individual defendants (collectively, WideBand or the WideBand defendants) and Biamp Systems Corporation (Biamp) misappropriated ClearOne's trade secret. The jury awarded damages to ClearOne representing ClearOne's lost profits and the defendants' unjust enrichment. In separate opinions, we affirmed the verdict and judgment against the WideBand defendants, ClearOne Commc'ns, Inc. v. Bowers, Nos. 09–4092, 09–4094, 09–4100, 09–4166, 09–4167, 09–4168, 09–4169, 09–4182, 09–4237, 10–4020, 10–4087, 10–4152, __ F.3d __ (10th Cir. June 27, 2011) (hereinafter WideBand), and the imposition of liability against Biamp, ClearOne Commc'ns, Inc. v. Biamp, Nos. 09–4097, 09–4090, 10–4168, __ F.3d __ (10th Cir. Aug. 8, 2011) (hereinafter Biamp).

Utah law provides for prejudgment interest if the damages are fixed as of a particular time and can be calculated with mathematical accuracy. The district court ruled that prejudgment interest was not appropriate in this case because ClearOne's damages calculations were based on speculation and assumptions, and "lack[ed] the mathematical certainty needed to justify an award of prejudgment interest." JA at D17552. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

The factual background of the dispute between ClearOne and the defendants is set forth in detail in our opinion in WideBand. The following is a

2

description of the factual background relevant to the prejudgment interest issue.

In April 2002, ClearOne agreed to license to Biamp an acoustic echo cancellation (AEC) algorithm at an average price of $83.49 per channel (the ClearOne/Biamp License Agreement). Biamp used this technology in a product called the AEC2 Card. JA at E192-205. In 2004, WideBand agreed to develop AEC software for Biamp. WideBand developed a code for Biamp that incorporated or was based upon ClearOne's trade secret, the Honeybee Code. On February 15, 2005, Biamp stopped making payments under the ClearOne/Biamp License Agreement, and began a licensing arrangement with WideBand. Biamp paid WideBand $45 per channel to license WideBand's infringing code. Biamp used WideBand's code in its AEC2W Card, which replaced the AEC2 Card. Id. at T2785-86. Biamp developed its own AEC technology in 2006, and stopped licensing the infringing code from WideBand on December 21, 2006.

In the meantime, WideBand was also selling its own products directly to consumers that incorporated the misappropriated Honeybee Code. The codes used in these products were WideBand's FC101, WC301, and Simphonix codes. WideBand sold these products from some time in 2003, through June 30, 2008.

At trial, ClearOne presented evidence of damages through the testimony of its damages expert, Richard Hoffman. Hoffman's testimony focused on two types of damages: lost profits and unjust enrichment. He concluded that ClearOne lost $1,911,680 in profits. Hoffman calculated lost profits by multiplying the number

3

of channels that Biamp licensed from WideBand by $83.49 (the average price per channel under the ClearOne/Biamp License Agreement).  Id. at T2829.  The jury found that ClearOne was entitled to $956,000 in lost profits against the WideBand defendants, and $956,000 in lost profits against Biamp.[1]  Id. at D12477.  The district court entered judgment against the defendants jointly and severally for lost profits in the amount of $1,912,000.[2]  Id. at D0017563.

Hoffman also testified as to unjust enrichment.  He testified that Biamp was unjustly enriched in the amount of $694,000.  He calculated this figure by multiplying the profit that Biamp made on the sale of each AEC2W Card by the number of card sales.  Id. at T2834-35.  With respect to WideBand, Hoffman testified that it was unjustly enriched in the amount of $951,000.  Hoffman calculated this figure by totaling the profits that WideBand made on products that used the FC101, WC301, and Simphonix codes.  Id. at T2838.  The jury fully credited Hoffman's testimony and found that the defendants were unjustly enriched in the amounts presented by ClearOne.

In a post-verdict motion, ClearOne requested prejudgment interest on the

---

[1]  As we discussed in Biamp, the verdict form was ambiguous as to whether the jury intended to award ClearOne a total of $956,000 in lost profits (for which the defendants were equally liable), or a total of $1,912,000 allocated between WideBand and Biamp.

[2]  In Biamp, we reversed the district court's lost profits judgment against Biamp because it constituted additur. We remanded for entry of judgment against Biamp for $956,000 in lost profits jointly and severally with the other defendants.

lost profits and unjust enrichment awards. The district court determined that

Hoffman's estimates of these damages lacked the mathematical certainty required

for an award of prejudgment interest under Utah law, and denied ClearOne's

request. ClearOne appeals.

II

*A. Governing Law*

A federal court sitting in diversity applies state law regarding prejudgment

interest. AE, Inc. v. Goodyear Tire & Rubber Co., 576 F.3d 1050, 1055 (10th

Cir. 2009). The parties agree that Utah law governs the availability of

prejudgment interest in this case.

*B. Standard of Review*

We have previously explained our standard of review regarding

prejudgment interest as follows:

> An award of prejudgment interest is generally subject to an abuse of
> discretion standard of review on appeal. However, any statutory
> interpretation or legal analysis underlying such an award is reviewed
> de novo. Whether a particular factual circumstance falls within the
> terms of the prejudgment interest statute is a question of law
> reviewed de novo.

Loughridge v. Chiles Power Supply Co., 431 F.3d 1268, 1288 (10th Cir. 2005)

(internal quotations omitted). As Utah does not have a prejudgment interest

statute relevant to this dispute, we must look to the state's caselaw as our guide

when addressing issues concerning prejudgment interest. In Utah, the availability

5

of prejudgment interest is a question of law.  Iron Head Constr., Inc. v. Gurney, 207 P.3d 1231, 1232 (Utah 2009).[3]

## III

Prejudgment interest is designed to compensate the plaintiff for the lost time-value of money that, but for the defendant's wrongful acts and delay, would have been paid to the plaintiff.  See id. at 1233.  Prejudgment interest is available only where damages can be calculated with mathematical accuracy:

> [W]here the damage is complete and the amount of the loss is fixed as of a particular time, and that loss can be measured by facts and figures, interest should be allowed from that time and not from the date of the judgment.  On the other hand, where damages are incomplete or cannot be calculated with mathematical accuracy, such as in case[s] of personal injury, wrongful death, defamation of character, false imprisonment, etc., the amount of the damage must be ascertained and assessed by the trier of the fact at the trial, and in such cases prejudgment interest is not allowed.

Bjork v. April Indus., Inc., 560 P.2d 315, 317 (Utah 1977).  An award of prejudgment interest is most clearly appropriate where the defendant owes the plaintiff a liquidated amount.  See, e.g., Kimball v. Kimball, 217 P.3d 733 (Utah Ct. App. 2009) (damages award equal to total amount of checks from plaintiff's account that defendant forged); Bennett v. Huish, 155 P.3d 917 (Utah Ct. App.

---

[3] Although the district court provided little support for its denial of prejudgment interest on the unjust enrichment award, our review is not limited to the court's findings.  "Whether a particular factual circumstance falls within the terms of the prejudgment interest [rule] is a question of law reviewed de novo." Loughridge, 431 F.3d at 1288.

6

2007) (damages award equal to wrongly withheld loan proceeds). In such a case, damages are calculable with mathematical accuracy because they are readily ascertainable and quantifiable. In contrast, in personal injury, wrongful death, or similar cases, the jury is "guided by their best judgment in assessing the amount to be allowed . . . for elements that cannot be measured by any fixed standards of value," and prejudgment interest is not permitted. Fell v. Union Pac. Ry. Co., 88 P. 1003, 1007 (Utah 1907).

   A. *Lost Profits*

   ClearOne argues that it was entitled to prejudgment interest on lost profits because Hoffman based his lost profits calculation on actual sales made by WideBand to Biamp. We agree with the district court that an award of prejudgment interest was not appropriate here because Hoffman's estimates were based on assumptions or speculation regarding what would have happened if the misappropriation had not occurred.

   We have previously noted that the Utah courts are reluctant to award prejudgment interest on lost profits. AE, 576 F.3d at 1057. "[T]he very nature of lost future profits injects an air of uncertainty and speculation into the calculation of damages," because a jury must speculate when it determines what profits would have been generated had the defendant not acted wrongfully. Anesthesiologists Assocs. of Ogden v. St. Benedict's Hosp., 852 P.2d 1030, 1042 (Utah Ct. App. 1993), rev'd on other grounds, 884 P.2d 1236 (Utah 1994).

7

Damages in such cases do not represent an actual, ascertainable loss; they represent the factfinder's best approximation of that loss. See Canyon Country Store v. Bracey, 781 P.2d 414, 422 (Utah 1989) (viewing a business's lost profits as analogous to damages awarded in wrongful death or defamation cases and noting that the amount of the plaintiff's actual loss was uncertain); Anesthesiologists Assocs., 852 P.2d at 1042 (holding that prejudgment interest on the lost profits of an established business was not appropriate because the jury had to "apply its best judgment to determine a fair amount for lost profits"). However, prejudgment interest may be appropriate on actual past lost profits, i.e., losses that were incurred prior to the defendant's wrongful act. See Encon Utah, LLC v. Fluor Ames Kraemer, LLC, 210 P.3d 263, 274 (Utah 2009) (affirming award of prejudgment interest on lost profits for work that the plaintiff had performed under a fixed-price contract).

We conclude that the district court properly refused to award prejudgment interest on lost profits in this case because the lost profits award was for hypothetical lost profits.[4] ClearOne argues that prejudgment interest is appropriate because Hoffman's lost profits calculation was based on "facts and

---

[4] ClearOne argues that the award was not for future lost profits because the misappropriation and the sales from WideBand to Biamp took place in the past. See ClearOne Br. at 23 n.3. We are not persuaded. The lost profits in this case were an estimation of the profits that ClearOne would have made if the misappropriation had not occurred and are, therefore, akin to future lost profits.

8

figures," in particular, actual licenses of WideBand's code by Biamp. Although it is true that Hoffman used actual sales numbers, these sales provide merely an estimate or proxy for the number of sales that ClearOne would have made to Biamp if the misappropriation had not occurred. There is a difference between a loss that can be "<u>measured</u> by facts and figures," <u>Bjork</u>, 560 P.3d at 317 (emphasis added), and using facts and figures to estimate a loss. In this case, the lost profits calculation was based on a number of assumptions about what ClearOne's future sales to Biamp would have been.[5] <u>See</u> <u>BC Technical, Inc. v. Ensil Int'l Corp.</u>, No. 02-CV-700 TS, 2009 WL 81386, at *8 (D. Utah Jan. 9, 2009) (applying Utah law and denying plaintiff's request for prejudgment interest on lost profits because the plaintiff's expert witness "used speculative assumptions to extrapolate lost profits" from business data). The use of proxies

---

[5] The defendants argued that WideBand's sales to Biamp were not a reliable predictor of what ClearOne's sales to Biamp would have been. Defendants' damages expert testified that, on average, Biamp licensed four times as many channels from WideBand as it had licenced from ClearOne. JA at T3475. We have no evidence that Biamp would have entered into a license agreement with ClearOne for this increased number of channels if Biamp were required to pay ClearOne's higher price per channel. The defendants also challenged Hoffman's assumption that ClearOne would have continued the ClearOne/Biamp License Agreement by presenting evidence that ClearOne had begun to view the license unfavorably. Further, the defendants suggested that Biamp might have developed its own AEC algorithm earlier if it had been forced to continue paying ClearOne's price of $80 to $90 per channel. These issues illustrate the speculation or judgment that is involved in calculating a lost future profits award, and bolster the conclusion that prejudgment interest was not appropriate in this case.

9

or estimates, even if actual sales were involved in their computation, does not constitute the mathematical certainty necessary for an award of prejudgment interest.

ClearOne contends that Encon, 210 P.3d 263, stands for the proposition that prejudgment interest may be awarded even where damages are based on assumptions or speculation. ClearOne's argument is not persuasive. In Encon, the damages were not speculative because the plaintiff had actually performed the work and incurred the lost profit damages. In fact, the Encon court specifically distinguished the case from those in which plaintiffs sought unrealized future lost profits. Id. at 273. We affirm the district court's refusal to award prejudgment interest on ClearOne's lost profits.

*B. Unjust Enrichment*

We also affirm the district court's denial of prejudgment interest on the unjust enrichment damages. ClearOne argues that it was entitled to prejudgment interest because Hoffman's unjust enrichment calculations were based on actual sales numbers: WideBand's sales of products incorporating the FC101, WC301, and Simphonix codes, and Biamp's sales of the AEC2W Card. We conclude that Hoffman's unjust enrichment calculations were approximations of the value that WideBand and Biamp gained from misappropriating ClearOne's trade secret, rather than actual measures of that value. Unjust enrichment could not be calculated with mathematical accuracy. Therefore, we affirm the district court's

10

refusal to award prejudgment interest on unjust enrichment.

As with future lost profits, Utah courts are also reluctant to add prejudgment interest to unjust enrichment awards. See Shoreline Dev., Inc. v. Utah Cnty., 835 P.2d 207, 212 (Utah Ct. App. 1992) ("Prejudgment interest may not be subsequently added by a trial court to a jury's award for unjust enrichment."). However, the Utah Court of Appeals has upheld the assessment of prejudgment interest on unjust enrichment damages where the actual unjust enrichment was ascertainable. In Kimball, the defendant forged several checks from his wife's account and made them out to himself or to cash. 217 P.3d at 750. The amount of unjust enrichment was simply the dollar amounts of the forged checks, and prejudgment interest was appropriate. Id. at 750-51.

The case before us is not like Kimball. From the evidence presented, the defendants were not unjustly enriched by simply taking a fixed sum of money from ClearOne. Rather than representing something of definite and ascertainable value, the unjust enrichment awards here approximate the value of the benefits the defendants gained from misappropriating ClearOne's trade secret. The jury instructions defined unjust enrichment as "the benefit that a particular Defendant gained from the alleged misuse of ClearOne's trade secrets." JA at D12465. Although the profits that WideBand and Biamp made while using ClearOne's trade secret would certainly be a factor in evaluating those benefits, the defendants' profits were not the only way to value the benefits, nor would the

11

profits necessarily represent the extent of the defendants' unjust enrichment. For example, unjust enrichment could also have been determined by calculating a reasonable royalty. See, e.g., Restatement (Third) of Unfair Competition § 45 cmt. f ("The royalty that the plaintiff and defendant would have agreed to for the use of the trade secret made by the defendant may be one measure of the approximate portion of the defendant's profits attributable to the use [of a trade secret].").  Further, not all of the defendants' profits may have been attributable to the misappropriation of ClearOne's trade secret.[6]  Prejudgment interest is not available where the expert's manner of calculating damages was merely one of many ways by which such damages could be determined. Cornia v. Wilcox, 898 P.2d 1379, 1387 (Utah 1995); see also Anesthesiologists Assocs., 852 P.2d at 1042 ("Despite the fact that Associates' expert used sound mathematical methods

---

[6] Hoffman assumed that 100% of WideBand's profits on the products using the FC101, WC301, and Simphonix codes represented unjust enrichment to WideBand.  Hoffman's approach illustrates why prejudgment interest should not be awarded in this case.  First, as the defendants' damages expert testified at trial, Hoffman calculated profits using a very narrow view of WideBand's costs. See JA at T3507-09.  Second, regardless of how the profits figure was calculated, the jury had to ultimately determine how much of those profits were attributable to misappropriation. See Russo v. Ballard Med. Prods., 550 F.3d 1004, 1018 (10th Cir. 2008) (describing the defendant's argument that the "Utah trade secret statute allows a plaintiff to recoup only damages arising from his or her contributions wrongly taken by the defendant, not from the defendant's independent contributions" as "a fair view of Utah law").  WideBand did not simply re-sell ClearOne's products; it incorporated ClearOne's trade secret into its own products.  It is impossible to accurately ascertain the precise portion of profits that were attributable to the misappropriated technology, rather than to other features or attributes of the products, or to WideBand's own contributions.

12

in arriving at his damages estimate, he did not use the only possible method, nor did he measure damages against a fixed standard."). The fact that the jury agreed with Hoffman's valuation in this case does not mean that the damages were calculable with mathematical accuracy. Damages do not become measurable merely because a factfinder quantifies them. Andreason v. Aetna Cas. & Sur. Co., 848 P.2d 171, 178 (Utah Ct. App. 1993); see also Canyon Country Store, 781 P.2d at 422 (stating that, while the plaintiff's method of calculating damages was sufficient for the jury to render a verdict, it was "too speculative to allow for the addition of prejudgment interest"). For these reasons, we agree with the district court that prejudgment interest on unjust enrichment was not appropriate.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge